IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER PEDRAZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-190-Z-BR |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Francisco Javier Pedraza ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 69th District Court of Moore County, Texas, for the felony offense of continuous sexual abuse of a young child and the resultant sentence of life imprisonment. For the reasons set forth below, the undersigned United States Magistrate Judge is of the opinion that Petitioner's application for federal habeas corpus relief should be DENIED.

**I.     PROCEDURAL HISTORY**

On October 18, 2013, Petitioner was charged by Indictment in Moore County, Texas with the first-degree felony offense of continuous sexual abuse of a young child in violation of Section 21.02 of the Texas Penal Code. (ECF 12-27 at 7). Specifically, the Indictment alleged that from on or about January 25, 2010 through May 24, 2013, Petitioner committed two or more acts of sexual abuse against his two daughters, A.P. and J.P., namely:

> 1. With the intent to arouse or gratify the sexual desire of Defendant, engaged in sexual contact with [A.P.] by touching the breast of [A.P.], a child younger than 14

>    years of age; and/or;
>
>    2. Intentionally or knowingly cause[d] the penetration of the anus of [A.P.], a child younger than 14 years of age, by the Defendant's sexual organ; and/or;
>
>    3. Intentionally or knowingly cause[d] the penetration of the sexual organ of [A.P.], a child younger than 14 years of age, by the Defendant's sexual organ; and/or;
>
>    4. Intentionally or knowingly cause[d] the penetration of the anus of [A.P.], a child younger than 14 years of age, by the Defendant's finger; and/or;
>
>    5. Intentionally or knowingly cause[d] the penetration of the anus of [J.P.], a child younger than 14 years of age, by the Defendant's sexual organ[.]

(*Id.*). On February 5, 2014, a jury found Petitioner guilty of the charged offense and sentenced him to life imprisonment. (*Id.* at 8–9); *see State v. Pedraza*, No. 4903.

On January 16, 2015, the Seventh Court of Appeals of Texas affirmed the judgment of the trial court on direct appeal. (ECF 12-3; ECF 12-5; ECF 12-6); *see Pedraza v. State*, No. 07-14-00042-CR, 2015 WL 251851, at *4 (Tex. App.—Amarillo Jan. 16, 2015, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals ("TCCA") granted Petitioner leave to file an out-of-time petition for discretionary review of the judgment of the Seventh Court of Appeals. (ECF 12-4). The TCCA refused Petitioner's petition for discretionary review on April 13, 2016. (ECF 12-10; *see* ECF 12-9); *Pedraza v. State*, No. PD-0154-16 (Tex. Crim. App. 2016).

On February 3, 2017, Petitioner filed an application for state writ of habeas corpus challenging his conviction. (ECF 12-26 at 5–42; ECF 12-27 at 1–6). The TCCA denied Petitioner's state habeas application without written order on May 10, 2017. (ECF 12-24); *see In re Pedraza*, No. 84,396-02.

On September 25, 2017, Petitioner filed the instant federal habeas petition. (ECF 3; *see* ECF 4). On December 21, 2017, Respondent filed an answer. (ECF 10). On February 23, 2018, Petitioner filed a reply to Respondent's answer. (ECF 15).

## II.    PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. "Junk science" was used to convict Petitioner in violation of Article 11.073 of the Texas Code of Criminal Procedure;

2. Petitioner is actually innocent of the charged offense;

3. Petitioner was denied effective assistance of counsel because his trial counsel failed to hire an expert witness to rebut the testimony of Becky O'Neal, the Sexual Assault Nurse Examiner; and

4. The prosecution committed error by introducing perjured testimony.

(ECF 3 at 6–7; *see* ECF 4).

## III.    STANDARD OF REVIEW

Section 2254 of Title 28 of the United States Code authorizes a federal court to entertain a petition for a federal writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, a court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless a petitioner shows that the prior adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000). An application of clearly established

3

federal law is unreasonable if the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts. *Id*.

This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to section 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying section 2254(d)'s standards of review). A "paper hearing" is sufficient to afford a full and fair hearing on factual issues, especially where the trial court and state habeas court were the same. *Hill v. Johnson,* 210 F.3d 481, 489 (5th Cir. 2000); *Murphy v. Johnson,* 205 F.3d 809, 816 (5th Cir. 2000).

Furthermore, a denial, even though it does not contain a written opinion, is not silent or ambiguous. *See Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits). It is a decision on the merits and is entitled to the federal statutes' standard of deference. 28 U.S.C. § 2254(d); *see also Neal v. Puckett,* 239 F.3d 683, 686 (5th Cir. 2001) (explaining that in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive"). The Supreme Court has reconfirmed that Section "2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*

*v. Richter*, 562 U.S. 86, 100 (2011). Even if "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. at 98.

Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 101 (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). This standard is difficult to meet, and the Supreme Court has affirmed that "it was meant to be" so. *Id*. at 102.

Finally, the Supreme Court has also held that review under Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Perhaps more compelling, the Supreme Court made clear that Section 2254(e)(2)—the statutory mechanism through which Congress limited a petitioner's ability to obtain a federal evidentiary hearing (and to expand the federal habeas record)—has no application when a federal court reviews claims pursuant to Section 2254(d), whether or not a petitioner might meet the technical requirements of section 2254(e)(2). *See id.* at 183–86 (showing that the Supreme Court explicitly rejected the proposition that Section 2254(d)(1) has no application when a federal court admits new evidence under Section 2254(e)(2)); *see also id.* at 203 n.20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record . . . [violated § 2254(d)(1),] our analysis is at an end. We are barred from considering the evidence Pinholster submitted in the District Court that he contends additionally supports his claim.") (internal citation omitted). The Supreme Court reasoned:

> Today, we . . . hold that evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.

*Id*. at 185. Therefore, this Court must review the reasonableness of the state court determinations

5

under Section 2254(d), with reference only to the record actually before the state court.

Here, Petitioner filed a state habeas application challenging the constitutionality of his conviction and sentence and alleging the same four grounds alleged in the instant federal habeas petition. (*See* ECF 12-26 at 5–42; ECF 3; ECF 4). On May 10, 2017, the TCCA denied Petitioner's state habeas application without written order. (ECF 12-24); *see In re Pedraza*, No. 84,396-02. The ruling of the TCAA constitutes an adjudication of Petitioner's claims on the merits. *See Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999). Consequently, this Court's review is limited to a determination of whether Petitioner has shown the state court's decision, that (1) obsolete or "junk" science was not used to convict Petitioner in violation of Article 11.073 of the Texas Code of Criminal Procedure; (2) Petitioner is not actually innocent of the first-degree felony offense of continuous sexual abuse of a young child in violation of Section 21.02 of the Texas Penal Code; (3) Petitioner was not denied effective assistance of trial counsel; and (4) the prosecution did not commit error by introducing perjured testimony, was based on an unreasonable determination of the facts in light of the evidence before the state court, or was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

### IV.   MERITS

#### A. Junk Science

During Petitioner's February 2014 trial, the Sexual Assault Nurse Examiner ("SANE"), Becky O'Neal, testified about the SANE exams she performed on Petitioner's two daughters, the victims in this case. (ECF 12-14 at 13–37). Ms. O'Neal testified in detail as to each of the four steps of a SANE exam, including what A.P. and J.P. reported to her and the results of their physical exams. (*Id.*). Further, Ms. O'Neal was asked whether she was "familiar with some of the most

6

widely recognized research in [her] field," including a paper written by Nancy Kellogg that was published in the American Academy of Pediatrics entitled "The Evaluation of Sexual Abuse in Children." (*Id.* at 22, 24). Ms. O'Neal stated that "[t]here were 36 [adolescents] in this study . . . who had been raped and, actually some of them were pregnant." (*Id.* at 24). Ms. O'Neil then stated that "we know penis had gone through hymen into vagina and ejaculation had occurred because they are pregnant" but that "only two [of those adolescents] had any signs of trauma." (*Id.*). Based on this and other research, Ms. O'Neal stated that "[w]ithout a doubt, the history . . . we hear from our patients can be the most important part of" the SANE exam. (*Id.* at 24–25).

All four grounds in Petitioner's state habeas petition and all four issues in the instant petition are based on an affidavit of forensic pathologist Harry J. Bonnell, M.D. (*Id.* at 6–7; ECF 12-26 at 11–18). The affidavit, which Petitioner categorized as "new evidence" in his petitions, is dated January 23, 2017. (ECF 12-26 at 25–42; ECF 12-27 at 1–6).

Dr. Bonnell's affidavit states that Ms. O'Neal "should have known if truly an expert, that ejaculation is not required for sperm to exit the tip of the penis (pre-ejaculate) and due to mobility of the sperm, penetration of the penis through the hymen is not required for sperm to pass into the vagina, through the cervix and into the uterus to impregnate the ovum." (ECF 10-1 at 3). Dr. Bonnell also claims that Ms. O'Neal's testimony "was based on obsolete forensic medical knowledge and subsequent forensic medical science research and reports disprove her testimony." (ECF 10-1 at 3). Specifically, Dr. Bonnell's affidavit lists multiple statements made by Ms. O'Neal that he claims are unsupported by medical research, including Table 3 of the "Updated Guidelines for the Medical Assessment and Care of Children Who May Have Been Sexually Abused," co-authored by Nancy Kellogg and nine other child abuse experts. (*Id.*). Dr. Bonnell cites the following statements made by Ms. O'Neal during Petitioner's trial:

- On page 13, lines 7 through 11, O'NEAL testifies that if the "anus opens and stays open and there's no stool present, that can be a clear sign of anal penetration. There's a thing we call anal laxity where the sphincters are not as tight as they should be. They're slacked a little bit. That can also be a sign of penetration."
- On the same page, O'NEAL testifies there can be short-lived laxity if there has been a recent bowel movement, but if there has been repeated penetration then that causes laxity and it takes longer for the sphincters to get their tone back.
- On page 17, regarding the exam of [A.P.], O'NEAL testifies that she "did have *that* laxity noted to her anus" and that "the anal laxity could absolutely be from the anal penetration."
- On page 37 of her testimony, O'NEAL testifies that the most likely cause of the laxity in [A.P.]'s anus is anal penetration.

(*Id.* at 3–4).

Petitioner's first ground for relief is that "junk science" was used to convict him in violation of Article 11.073 of Texas Code of Criminal Procedure (entitled "Procedure related to certain scientific evidence"). (ECF 3 at 6). Specifically, Petitioner cites to the testimony provided by Ms. O'Neal and Dr. Bonnell's affidavit. (*Id.*).

Article 11.073 of the Texas Code of Criminal Procedure applies to relevant scientific evidence that was either not available to be offered by a convicted person at his trial or that contradicts scientific evidence relied on by the state at his trial. Tex. Code Crim. Proc. Ann. art. 11.073(a) (West 2019). A court may grant a convicted person relief on an application for a writ of habeas corpus under Article 11.073 if:

> (1) the convicted person files an application, in the manner provided by Article 11.07, 11.071, or 11.072, containing specific facts indicating that:
>
>> (A) relevant scientific evidence is currently available and was not available at the time of the convicted person's trial because the evidence was not ascertainable through the exercise of reasonable diligence by the convicted person before the date of or during the convicted person's trial; and
>>
>> (B) the scientific evidence would be admissible under the Texas Rules of Evidence at a trial held on the date of the application; and
>
> (2) the court makes the findings described by Subdivisions (1)(A) and (B) and also

>finds that, had the scientific evidence been presented at trial, on the preponderance of the evidence the person would not have been convicted.

*Id.* art. 11.073(b).

Petitioner raised the same four issues with the same arguments in his state habeas application. (*See* ECF 12-26 at 6–42; ECF 12-27 at 1–6). The TCCA denied Petitioner's state habeas application without written order; nevertheless, the TCAA's ruling necessarily constitutes a determination that obsolete or "junk" science was not used to convict Petitioner in violation of Article 11.073. (ECF 12-24); *see Bledsue,* 188 F.3d at 257; *In re Pedraza*, No. 84,396-02. The TCCA's denial of relief on this ground was not contrary to federal law because there is no "clearly established federal law" entitling a habeas petitioner to challenge the evidence that Petitioner is challenging in this case. *Williams*, 529 U.S. at 377–80 (requiring a federal court to deny habeas relief that is contingent upon a rule of law not clearly established at the time the state conviction became final); *see Aekins v. Davis*, No. 1-16-CV-01149-LY, 2018 WL 9866494, at *13 (W.D. Tex. Mar. 27, 2018), report and recommendation adopted, No. A-16-CV-1149-LY, 2018 WL 9868578 (W.D. Tex. Aug. 23, 2018) (holding that "[b]ecause the denial of [the petitioner's] request for further DNA testing was not clearly contrary to or an unreasonably [sic] application of federal law as established by the United States Supreme Court, [the petitioner] is not entitled to federal habeas relief with regard to this issue.").

Petitioner has not shown that the state court's decision that obsolete or "junk" science was not used to convict Petitioner in violation of Article 11.073 of the Texas Code of Criminal Procedure was based on an unreasonable determination of the facts in light of the evidence before the state court, or was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Consequently, Petitioner's petition should be denied as to his first ground for relief.

**B. Actual Innocence**

Petitioner's second ground for relief is that he is actually innocent of continuous sexual abuse of a young child in violation of Section 21.02 of the Texas Penal Code. (ECF 3 at 6). In support of this claim, Petitioner again relies on the affidavit of Harry J. Bonnell, M.D. (*Id.*). However, a stand-alone claim of "actual innocence" is itself not an independent ground for federal habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006); *Dowthitt v. Johnson*, 230 F.3d 733, 741–42 (5th Cir. 2000). The United States Supreme Court has reaffirmed that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Until that time, such a claim it not cognizable on federal habeas review under Fifth Circuit law. *See Foster*, 466 F.3d at 367; *see Overstreet v. Davis*, No. 4:15-CV-461-A, 2019 WL 1746294, at *4 (N.D. Tex. Apr. 18, 2019). Because Petitioner has not shown an independent constitutional violation, his allegation does not present a claim for federal habeas corpus relief. Consequently, Petitioner's petition should be denied as to his second ground for relief.

**C. Ineffective Assistance of Counsel—Failure to Investigate or Present an Expert Witness**

Petitioner's third ground for relief is that he received ineffective assistance of counsel because his trial counsel failed to hire an expert witness. (ECF 3 at 7). Respondent has set forth the well-established standards of review for a claim of ineffective assistance of counsel in its Answer with Brief in Support. (ECF 10 at 9–14). The Court will not repeat Respondent's recitations regarding these well-established standards of review, except to reiterate that claims of ineffective assistance of counsel require a petitioner to show defense counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). If a petitioner

fails to show either the deficiency or prejudice prong, the Court need not consider the other prong. *Id.* at 697. Moreover, when a state prisoner asks a federal court to set aside a state court conviction or sentence due to ineffective assistance of counsel (such as here), the court must use a "doubly deferential" standard of review that gives both the state court and the defense attorney the benefit of the doubt by crediting all reasonable state court factual findings and presuming defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981) (citation omitted) (alteration in original). A convicted defendant who alleges counsel was deficient for failing to investigate "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *Strickland*, 466 U.S. at 690. Merely alleging that trial counsel's performance was deficient is insufficient; a defendant must show that his trial counsel's performance fell below the bounds of prevailing professional norms. *Strickland*, 466 U.S. at 689–90. "In the absence of a *specific showing* of how these alleged errors and omissions were constitutionally deficient," claims of ineffective assistance of counsel must fail. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (emphasis added).

Petitioner's support for this ground includes yet another citation to Ms. O'Neal's testimony and Dr. Bonnell's affidavit. (*Id.*; ECF 15 at 15–18). Petitioner contends that Dr. Bonnell's affidavit "is evidence that [Petitioner's trial] counsel should have received an expert in this particular field to aide [sic] the defense." (ECF 15 at 15). Petitioner does not specifically identify any expert

11

witness or otherwise provide what "an expert in this particular field" would have testified to at trial. (ECF 15 at 15); *Green*, 882 F.2d at 1003; *Miller*, 200 F.3d at 282; *Sayre v. Anderson*, 238 F.3d 31, 635 (5th Cir. 2001). With no elaboration, Petitioner asserts that "the state court's and attorney general['s decision] that Petitioner Pedraza has not shown ineffective assistance of counsel was an unreasonable application of *Strickland v. Washington*" and "his conviction cannot stand." (ECF 15 at 18).

Petitioner's claim is unspecific and conclusory, and as such, he has not overcome the strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). Because the Court finds that Petitioner has not shown trial counsel's performance was deficient in failing to present an expert witness, his petition should be denied as to his third ground for relief. *Strickland*, 466 U.S. at 689.

### D. Prosecutorial Misconduct

Petitioner's fourth ground for relief is that the prosecution used perjured testimony—the above-mentioned testimony from Ms. O'Neal—to obtain a conviction against him. (ECF 3 at 7). Petitioner also relies on Dr. Bonnell's affidavit to support his claim. (*Id.*; ECF 15 at 19).

In order to succeed on a claim that a criminal conviction is invalid because it was the result of perjured testimony, a petitioner must establish that (1) the evidence in question was inaccurate, (2) the prosecution knew of the falsity, and (3) the false testimony was so material that it was a highly significant factor in the jury's verdict. *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir. 1994), *cert. denied*, 513 U.S. 1060 (1994).

The Court cannot conclude that Petitioner has satisfied any of those requirements. First, Petitioner has not shown that Ms. O'Neal provided false testimony. *See Blackmon*, 22 F.3d at 565.

Petitioner merely cites to Dr. Bonnell's affidavit, which provides a conclusory assertion that Ms. O'Neal's testimony "was based on obsolete forensic medical knowledge and subsequent forensic medical science research and reports disprove her testimony." (ECF 10-1 at 3). However, contradictory opinions or statements from witnesses do not, standing alone, establish perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990); *see Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Assuming, only for purposes of resolving Petitioner's argument, that this testimony was perjured, Petitioner has provided no evidence that the prosecution was aware of the purported falsity of Ms. O'Neal's statements regarding anal laxity or that the jury found such statements to be a highly contributing factor in reaching a verdict of guilty in light of all of the other evidence and testimony. (*See* ECF 12); *Blackmon*, 22 F.3d at 565; *Barrientes v. Johnson*, 221 F.3d 741, 756 (5th Cir. 2000). As such, Petitioner's petition should be denied as to his fourth ground for relief.

For the reasons stated above, the undersigned finds Petitioner has not met his federal statutory burden of demonstrating the state courts unreasonably applied clearly established federal law or unreasonably applied the facts in light of the evidence in determining Petitioner's constitutional claims. Petitioner's claims should be denied.

## V. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DENIED.

## VI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions

13

and Recommendation to each party by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED July 23, 2020.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

      Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).