IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 1 3 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| FRANCISCO JAVIER PEDRAZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-190-Z-BR |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
AND
DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court are the findings, conclusions, and recommendation of the United States

Magistrate Judge (ECF No. 18) to deny the Petition for a Writ of Habeas Corpus filed by Petitioner

in this case. As of this date, neither party filed objections to the findings, conclusions, and

recommendation. After making an independent review of the pleadings, files, and records in this

case, the Court concludes that the findings, conclusions, and recommendation of the Magistrate

Judge are correct. Accordingly, it is therefore ORDERED that the findings, conclusions, and

recommendation of the Magistrate Judge are ADOPTED, and the Petition for a Writ of Habeas

Corpus is DENIED.

Further, the Magistrate Judge correctly concluded that Petitioner failed to show that the

state court's determination was unreasonable when the evidence at trial was—as alleged by

Petitioner—to be obsolete or "junk science." ECF No. 18 at 9. Petitioner relies on an affidavit by

Dr. Harry J. Bonnell—a *possible* expert witness. Dr. Bonnell is the former Chief Deputy Medical

Examiner of San Diego County, California, and has offered his opinion on the cause-of-death in

many cases. While Dr. Bonnell is certainly qualified to testify as an expert in other cases, the Court will not presume that Dr. Bonnell is qualified to opine as to the unique facts of this case. Petitioner did not show that Dr. Bonnell has adequate experience and training to offer such expert testimony as to sexual assault and abuse of children, or that such opinions provide the Court with an adequate basis in medical science. *Cf. Salinas v. City of San Jose*, No. C 09-04410 RS, 2010 U.S. Dist. LEXIS 143867, at *8 (N.D. Cal. 2010) (unpublished) (finding "that Dr. Bonnell's significant experience in forensic pathology does not include substantial experience with [Taser Electronic Control Devices], either in the context of autopsies he performed or otherwise."). Rather, as correctly found by the Magistrate Judge, Dr. Bonner's affidavit "provides a conclusory assertion" that does not "raise a constitutional a constitutional issue in a habeas proceeding." ECF No. 18 at 13 (*citing Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court ADOPTS and incorporates by reference the Magistrate Judge's findings, conclusions, and recommendation filed in this case in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

If Petitioner files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**SO ORDERED**.

August 13, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE